
LAW OFFICE OF ERIC OLLASON
ATTORNEY AT LAW
182 NORTH COURT
TUCSON, ARIZONA 85701
TELEPHONE (520) 791-2707
PCC NO. 4349
SBA # 014860

Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

FRANCISCO F. DUARTE and
GERLINDE S. DUARTE,

Debtors.

In Proceedings Under Chapter 13

Case No. 4:11-bk-29521 EWH

**STIPULATED ORDER CONFIRMING 2ND AMENDED CHAPTER 13 PLAN**

The Chapter 13 Plan ("Plan") having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|--------|--------|
| 1-5    | $ 0.00 |
| 6-18   | $ 375.00 |
| 19-60  | $ 1,725.00 |

The payments are due on or before the **20th** day of each month commencing **November 20, 2011**. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2011 - 2012 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. **None**

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses:

Attorney Fees. Eric Ollason, shall be allowed total compensation of $5,500.00 (this amount includes two adversary proceedings to avoid Debtor's 2nd and 3rd mortgage liens). Counsel received $2,300.00 prior to filing this case and will be paid $3,200.00 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

(a) **Chase Home Finance,** secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of **$2,878.29** with **0%** interest. Regular post-petition payments in the amount of **$1,313.16** will be made through the Plan, **beginning May 2013**. Monthly payments prior to May 2013 were made directly by the Debtors to the secured creditor.

(b) **Wells Fargo Bank,** secured by a second deed of trust in the Debtors' residence, has had its lien avoided through an adversary proceeding **#4:12-ap-02052**. Any claim filed by such creditor shall be treated and paid as a general unsecured claim.

(c) **Bank of America,** secured by a third deed of trust in the Debtors' residence, has had its lien avoided through an adversary proceeding **#4:12-ap-02058**. Any claim filed by such creditor shall be treated and paid as a general unsecured claim.

(3) Claims Secured by Personal Property:

(a) **Tucson Old Pueblo CU**, secured by a lien in a 2003 Nissan Frontier, shall be paid a secured claim of **$6,550.00** with **5%** interest. The creditor will receive adequate protection payments of **$65.00** per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

(b) **Capital One**, secured by a lien in household goods, shall be paid a secured claim of **$200.00** with **5%** interest. The balance of the claim shall be classified as an unsecured nonpriority claim.

(4) Unsecured Priority Claims: **None**

-2-

*In re Duarte*
*Case No. 4:11-bk-29521*

Case 4:11-bk-29521-EWH    Doc 91    Filed 10/21/13    Entered 10/22/13 07:36:42    Desc
Main Document    Page 2 of 4

(5) <u>Surrendered Property</u>.

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

**The Debtors will surrender a 2007 Chrysler PT Cruiser in which Arizona Central Credit Union has a security interest.**

**The Debtors will surrender a 2008 Harley Davidson Motorcycle in which Harley Davidson Credit has a security interest.**

**The Debtors will surrender a 2008 Honda CBR 600 RR in which GE Capital has a security interest.**

(6) <u>Other Provisions</u>:  **None**.

(7) <u>Unsecured Nonpriority Claims</u>. All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____ 10/11/13
Dianne C. Kerns, Trustee

/s/ Eric Ollason
Eric Ollason
Attorney for Debtors

*In re Duarte*
-3-
Case No. 4:11-bk-29521

**Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

(1) Administrative Expenses:........................................................................ $ 3,200.00
(2) Priority Claims.................................................................................. $     0.00
(3) Prepetition Mortgage or Lease Arrears or to Cure Defaults, Including Interest .............. $ 2,878.29
    a. Chase.................. $ 2,878.29
(4) Ongoing Post-Petition Mortgage Payments................................................... $ 55,152.72
    a. Chase.................. $ 55,152.72
(5) Secured Personal Property Claims, Including Interest....................................... $ 7,616.60
    a. TOPCU................. $ 7,416.60
    b. HSBC.................. $   200.00
(6) Amount to Unsecured, Nonpriority Claims.................................................. $   744.89
(7) Trustee's Compensation (10% of Debtor's Payments)........................................ $ 7,732.50
(8) Total Plan Payments........................................................................ $ 77,325.00

**Section 1325 analysis.**

(1) Best Interest of Creditors Test:
    (a) Value of debtor's interest in nonexempt property................................ $ 0.00
    (b) Plus: Value of property recoverable under avoiding powers. ...................... $ 0.00
    (c) Less: Estimated Chapter 7 administrative expenses .............................. $ 0.00
    (d) Less: Amount payable to unsecured, priority creditors............................ $ 0.00
    (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims
        if debtor filed Chapter 7............................................ $ 0.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

(2) Section 1325(b) Analysis:
    (a) Amount from Line 59, Form B22C, Statement of Current Monthly Income. ............ $ 0.00
    (b) Applicable Commitment Period...................................................... x 60
    (c) Section 1325(b) amount ((b)(1) amount times 60).................................. $ 0.00

**Estimated Payment to Unsecured, Nonpriority Creditors Under Plan.** ................... $ 744.89